UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PVS-NOLWOOD CHEMICALS, INC., a
Michigan corporation,

    *Plaintiff,*

v.

UNIVAR USA INC., a Washington corporation,
and HELEINA MACE-SUPERIOR, an individual
and resident of Ohio, jointly and severally,

    *Defendants.*

Civil Action No. 2:13-cv-10731
District Judge George Caram Steeh
Magistrate Judge Laurie J. Michelson

---

## TEMPORARY RESTRAINING ORDER

Plaintiff, PVS-Nolwood Chemicals, Inc. ("Plaintiff"), having moved for a Temporary Restraining Order, Preliminary Injunction and Motion to Expedite Discovery [Docket Nos. 4, 7]; and Defendant, Univar USA Inc. ("Univar"), Defendant, Heleina Mace-Superior ("Superior"), and Plaintiff having stipulated to this Order pending a hearing on Plaintiff's Motion for Preliminary Injunction; and the Court being otherwise fully advised in the premises,

IT IS HEREBY ORDERED that:

1. **Definitions**

    a. **Customers.** The term "Customers" collectively means all customers and accounts of Plaintiff whom Superior called upon, whose accounts Superior supervised or managed, or about whom Superior acquired special knowledge during her Last Year with Plaintiff.

    b. **Employment Agreement.** The term "Employment Agreement" means the Employment Agreement between Plaintiff and Superior executed on or about November 16, 2004, a copy of which is attached as **Exhibit A**.

c.  **Last Year.**  The term "Last Year" means the 12-month period from January 11, 2012 through January 11, 2013.

d.  **Products.**  The term "Products" collectively means all products that Plaintiff sold to Customers during Superior's Last Year with Plaintiff.

e.  **Property; Trade Secrets.**  The term "Property" collectively means tangible and intangible property that belongs to Plaintiff, including, without limitation, all trade secrets, technical and nontechnical, business knowledge, business methods, plans, systems, customer lists and customer relations, vendor lists and vendor relations, cost and pricing information, distribution and logistical information, and other information relating to the business of Plaintiff that is not known to the general public (collectively, "Trade Secrets"), and all documents, books, records, data compilations, and other written materials which contain or reflect Plaintiff's Trade Secrets, and all copies of such items, including electronic media containing any of those items.

f.  **Territory.**  The term "Territory" collectively means all geographic area(s) to which Superior was assigned during her Last Year with Plaintiff, which, for purposes of this Order, the parties agree shall consist of the "East Cleveland Market," the boundaries of which are Interstate 77 to the east, south to the northern boundary of the City of Akron, east to the Ohio border with Pennsylvania and north to Lake Erie;.

2.  **Superior**

a.  **Employment Restrictions.**  Superior shall not be employed by Univar in the Territory for the purposes of soliciting business in the manner proscribed in Paragraph 7c of Exhibit A.  Notwithstanding the foregoing, Superior shall be entitled to reside within the Territory.

b.  **Customer Restrictions.**  Superior shall not call upon any Customers.

      c.    **Trade Secrets Restrictions**. Superior shall not use or disclose to third parties (including, without limitation, Univar) any of Plaintiff's Trade Secrets.

      d.    **Plaintiff's Property**. Superior shall immediately return to Plaintiff all of Plaintiff's Property, if any, that Superior now has in her possession or under her control; *provided, however*, that, with respect to such Property that is in electronic form, Superior must preserve (and not delete), and must not use, that Property until further order of the Court.

      e.    **Employment Agreement**. Superior shall not violate the Employment Agreement.

3.    **Univar**

      a.    **Employment Restrictions**. Univar shall not employ Superior in the Territory to solicit business in the manner proscribed in Paragraph 7c of Exhibit A.

      b.    **Customer Restrictions**. Univar shall not sell or attempt to sell chemical products to any Customers the identities of whom Univar first learned from Superior, either directly or indirectly, or in any derivative form whatsoever.

      c.    **Product Restrictions**. Univar shall not sell or attempt to sell Products about which Univar first learned from Superior, either directly or indirectly, or in any derivative form whatsoever.

      d.    **Trade Secrets Restrictions**. Univar shall not use or disclose to third parties Plaintiff's Trade Secrets, if any, which were first made known to Univar by Superior, directly or indirectly, and now in Univar's possession or under its control, nor such information in any indirect or derivative form.

      e.    **Plaintiff's Property**. Univar shall immediately return to Plaintiff all of Plaintiff's Property, if any, that Univar received from Superior, directly or indirectly, and now has in its possession or under its control; *provided, however*, that, with respect to such Property

that is in electronic form, Univar must preserve (and not delete), and must not use, that Property until further order of the Court.

4. This Order shall not constitute an admission of wrongdoing by any party. In addition, this Order shall not have affect or prejudice the claims and/or defenses of any party.

5. The restrictions imposed by this Order shall remain in effect until further Order of this Court.

IT IS SO ORDERED.

Dated: March 4, 2013

_____
Honorable George Caram Steeh

Approved as to form only:

| The Mike Cox Law Firm PLLC<br>Attorneys for Plaintiff | VARNUM LLP<br>Attorneys for Defendants |
|---|---|
| By: _____<br>Michael A. Cox (P43039)<br>17430 N. Laurel Park Drive<br>Suite 120E<br>Livonia, Michigan 48152<br>734/591-4002<br>mc@mikecoxlaw.com | By: _____<br>Lawrence J. Murphy (P30305)<br>Brett A. Rendeiro (P64792)<br>39500 High Pointe Blvd., Suite 350<br>Novi, Michigan 48375<br>248/567-7400<br>ljmurphy@varnumlaw.com<br>barendeiro@varnumlaw.com |